UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

EARTHY WINTERS,

      Plaintiff,                 Civil Action No. 15-13456
                                  Honorable Matthew F. Leitman
v.                                Magistrate Judge Elizabeth A. Stafford

DEUTSCHE BANK NATIONAL
TRUST COMPANY, as trustee
For LONG BEACH MORTGAGE
LOAN TRUST 2004-1, ASSET-
BACKED CERTIFICATES,
SERIES 2004-1, and
OCWEN LOAN SERVICING, LLC,

      Defendants.
_____/

## REPORT AND RECOMMENDATION TO
## <u>GRANT DEFENDANTS' MOTION TO DISMISS [R. 4]</u>

## I.   INTRODUCTION

Plaintiff Earthy Winters filed this action in state court against

Deutsche Bank National Trust Company, as trustee for Long Beach

Mortgage Loan Trust 2004-1, Asset-Backed Certificates, Series 2004-1

("Deutsche Bank") and Ocwen Loan Servicing ("Ocwen"), alleging wrongful

foreclosure, breach of contract, fraudulent misrepresentation, and various

other claims relating to the foreclosure of her property; defendants removed

the action to this Court.  [R. 1; R. 1-1].  Before the Court is defendants'

motion to dismiss, [R. 4].[1] For the following reasons, the Court

**RECOMMENDS** that defendants' motion to dismiss [R. 4] be **GRANTED**.

## II.    BACKGROUND

This action involves residential property located at 19437 Blackstone

Street, Detroit, Michigan 48219 (the "property"). [R. 1-1, PgID 12]. On

August 6, 2003, in order to refinance the property, Winters entered into a

mortgage loan transaction (the "loan") with non-party Long Beach Mortgage

Company ("Long Beach") for a loan of $82,650.00, [*id.*, PgID 13], secured

by a mortgage interest in the property (the "mortgage"). [R. 4-3]. In October

2014, Long Beach assigned the mortgage to Deutsche Bank. [R. 4-4].

Ocwen is the current loan servicer and was the servicer at the time of the

complaint. [R. 1-1; R. 4, PgID 177]. Winters defaulted on her loan

obligations and on May 12, 2015, the property was sold to Deutsche Bank

at sheriff's sale, subject to Winters' right of redemption. [R. 1-1, PgID 14; R.

4-5].

Winters filed this action in state court on September 10, 2015, [R. 1-

1], and the redemption period expired two days later without Winters

---

[1] All dispositive matters have been referred to the undersigned for report
and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [R. 8].

2

redeeming the property.[2]  Defendants filed a motion to dismiss on October

8, 2015.  [R. 4]. The Honorable Matthew F. Leitman referred the case to

arbitration [R. 5], which was unsuccessful [R. 7]. On June 3, 2016, Winters

filed a response to the motion [R. 10] and defendants replied [R. 11].

## III.   MOTION TO DISMISS

### A.   Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6) tests a complaint's legal sufficiency. Although the federal rules

only require that a complaint contain a "short and plain statement of the

claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), the

statement of the claim must be plausible. Indeed, "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility

---

[2] Defendants note that nine days after the expiration of the redemption
period, after the action had been removed, the Wayne County Circuit Court
entered an ex-parte temporary restraining order purporting to stay the
running of the redemption period. Pursuant to 28 U.S.C. § 1446(d), the
Wayne County court was precluded from any further action on the case.
*Carter v. Ledraplastic SPA*, 313 F.Supp.2d 736, 738 (M.D. Tenn. 2004)
("As soon as a notice of removal is filed with the state court, the court is
prohibited from proceeding further.").  The TRO was thus invalid.

2:15-cv-13456-MFL-EAS   Doc # 12   Filed 09/14/16   Pg 4 of 14   Pg ID 520

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, legal conclusions need not be accepted as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

4

*Iqbal*, 556 U.S. at 679.

**B.    Analysis**

**1. Count I – Wrongful Foreclosure**

In Count I, Winters alleges that defendants "violated both state and federal statutes, rules and procedures including, but not limited to MCL 600.3201 et seq., the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, et seq. and 12 C.F.R. § 1024.41, et seq." [R. 1-1, PgID 18]. She argues that defendants failed to provide notice of her default as spelled out in paragraph 21 of the mortgage, [R. 4-3, PgID 259]; that defendants did not give her time to pursue foreclosure alternatives; that notice of adjournment of the sheriff's sale from March 5 to March 12 was without proper notice; and that defendants failed to follow the provisions of 12 C.F.R. § 1024.41, known as "Regulation X," 15 U.S.C. § 1601, *et seq.*, and 12 U.S.C. § 2605, *et seq.*

These claims fail because "after the statutory redemption period has expired, courts may examine a plaintiff's effort to set aside the foreclosure sale only where such a plaintiff has made a clear showing of fraud, or irregularity that relates to the foreclosure procedure itself." *Elsheick v. Select Portfolio Servicing, Inc.*, 566 F. App'x 492, 497 (6th Cir. 2013) (citations and internal quotation marks omitted). Here, the six-month

5

redemption period expired on September 10, 2015 without Winters redeeming the property and, as explained below, Winters fails to allege a plausible claim of fraud or irregularity related to the foreclosure procedure. Thus, there is no basis for the Court to entertain setting aside the foreclosure sale.

Regulation X, which is a regulation under RESPA, is no help to Winters because RESPA does not authorize setting aside a foreclosure. *See Servantes v. Caliber Home Loans, Inc.*, No. 14-CV-13324, 2014 WL 6986414, at \*1 (E.D. Mich. Dec. 10, 2014).  Section 1024.41 of RESPA permits only actual money damages and statutory damages for "a pattern or practice of noncompliance." *Id.*  But Winters has failed to allege with sufficient particularity any actual monetary damages, or a pattern or practice of noncompliance on the part of defendants, and thus would not be entitled to those forms of relief even if requested. *See also Caggins v. Bank of New York Mellon*, No. 15-11124, 2015 WL 4041350, at \*2 (E.D. Mich. July 1, 2015) ("There is no provision found in RESPA under which Plaintiff can seek to have foreclosure proceedings nullified, or force Defendants to negotiate a loan modification.")

The Truth in Lending Act requires that borrowers be notified within 30 days of a sale, transfer, or assignment of a mortgage loan. 15 U.S.C. §

6

1641(g)(1). Defendants argue that this claim does not meet the pleading requirements of *Iqbal* and *Twombly*, as Winters fails to allege the date of the sale, the identities of the old or new creditors, or any other pertinent details that would set forth a plausible claim for relief. Defendants also mention the one-year statute of limitations for such claims under 15 U.S.C. § 1640(e). In her response, Winters argues at length about her entitlement to equitable tolling of the statute of limitations, but offers no response to defendants' primary argument, that the allegations fail to state a claim. "Claims left to stand undefended against a motion to dismiss are deemed abandoned." *Bazinski v. JPMorgan Chase Bank, N.A.*, No. 13-14337, 2014 WL 1405253, at *2 (E.D. Mich. Apr. 11, 2014). Having abandoned the merits of this claim, Winters cannot succeed on it.

Finally, defendants correctly note that Winters' claim regarding Section 2605(b)(1), which requires notice of the transfer of servicing of the loan, is time-barred. The loan servicing was transferred to Ocwen on September 1, 2011. [R. 4-7]. Thus, the three year statute of limitations for Section 2605 claims had passed before the complaint was filed. 12 U.S.C. § 2614.

Winters has failed to state a plausible claim for wrongful foreclosure.

7

## 2. Count II – Breach of Contract

In Count II, Winters alleges that the mortgage agreement constitutes a contract, the breach of which occurred when defendants failed to send Winters notice of her default prior to acceleration of the loan, as required by paragraph 21 of the mortgage. [R. 1-1, PgID 25; R. 4-3, PgID 259]. Winters also alleges breach of the implied covenant of good faith and fair dealing imposed by the contract. [*Id.*]. These claims are deficient for numerous reasons.

First, Winters fails to allege facts that establish a plausible breach of contract claim. To plead a breach of contract claim under Michigan law, a plaintiff must allege: (1) the existence of a contract between the parties; (2) the terms of the contract; (3) that defendant(s) breached the contract; and (4) that the breach caused his or her injury. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999). Here, Winters failed to allege that she suffered any injury as a result of the alleged breach. Furthermore, although Winters alleged in the complaint that none of the correspondence he received "contained all of the required components of Paragraph 21 of the Mortgage," [R. 1-1, PgID 25], defendants' motion to dismiss includes the notice of default sent to Winters, which appears to satisfy the terms of the mortgage. [R. 4-8]. The Court may consider this exhibit because it was

8

referenced in Winters' complaint and is central to her claim. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Winters' response to the motion fails to address defendants' argument that the notice requirement was satisfied, but instead solely addresses the claim involving the implied covenant of good faith and fair dealing. Thus, she has abandoned any claim that notice was not proper under paragraph 21 of the mortgage. *Bazinski*, 2014 WL 1405253, at *2. And since "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing," *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35 (2006), she is left without a claim.

### 3. Count III – Fraud

In Count III, Winters sets forth a claim for fraudulent misrepresentation, claiming that defendants made false statements of fact that foreclosure proceedings would not begin "while the parties were actively pursuing loan modification or other financial assistance options." [R. 1-1, PgID 26].

Where a complaint alleges fraud or mistake, the heightened pleading requirement of Federal Rule of Civil Procedure 9(b) applies and requires that the plaintiff "state with particularity the circumstances constituting fraud or mistake." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir.

2003). To satisfy this particularity requirement, the Sixth Circuit requires that the complaint: (1) specify the time, place, and content of the statements that plaintiff contends were fraudulent; (2) identify the speaker; (3) explain why the statements were fraudulent; (4) allege the fraudulent scheme and intent of the defendants; and (5) allege the injury resulting from the fraud. *See Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008); *Yuhasz*, 341 F.3d at 563. At a minimum, Winters has failed to meet the first two requirements under the heightened pleading requirement, as she does not state who, other than the vague "Defendants," made these statements, or when or where they occurred.

The claim also fails because "promises from a financial institution regarding loan modifications must be in writing to be enforceable under the statute of frauds." *Caggins*, 2015 WL 4041350, at *3. "M.C.L. 566.132(2)(b) provides that no cause of action can be brought against a financial institution for a promise of financial accommodation unless the promise is in writing and signed by an authorized signature." *Id.* It is a rule with which plaintiff's counsel should be familiar, as he was the plaintiff's attorney in *Caggins*. Winters relies on *Jarchow v. CitiMortgage, Inc.*, No. 13-11925, 2014 WL 1759074, at *1 (E.D. Mich. May 2, 2014), for the authority that it would be "poor public policy" to dismiss her claim as a matter of law.

10

*Jarchow*, at *4. Unfortunately for her, the statute upon which *Jarchow* relied, M.C.L. § 600.3205, has been repealed, and the case no longer governs. *See Radisavljevich v. Comerica Bank*, No. 14-14777, 2015 WL 4771427, at *5 (E.D. Mich. Aug. 13, 2015).

Winters cites a plethora of case law stating that promissory estoppel may defeat the statute of frauds. *See, e.g., Crest the Unif. Co. v. Foley*, 806 F. Supp. 164 (E.D. Mich. 1992); *Martin v. E. Lansing Sch. Dist.*, 193 Mich. App. 166 (1992). But these cases refer to the common law statute of frauds, not the statutory scheme adopted by the Michigan state legislature, M.C.L. § 566.132(2), effective January 1, 1993. All of the cases Winters cites came before the effective date of the determinative statute, M.C.L. § 566.132(2), which explicitly bars her claims. *Caggins*; *Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000).

### 4. Winters' Remaining Claims

As defendants note in their reply, Winters fails to address defendants' attacks on Counts IV, V, and VI of the complaint, regarding "slander of title," "foreclosure barred by unclean hands," and "preliminary injunction," respectively. The Court considers these claims abandoned. *Bazinski*, 2014 WL 1405253, at *2. *See also Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 797 (E.D. Mich. 2010) ("Moreover, Plaintiff has not

11

responded to Defendant's motion to dismiss this claim, and the Court assumes he concedes this point and abandons the claim.").

Winters' last remaining claim, Count VII, for "equitable mortgage and/or for conversion to judicial foreclosure under M.C.L. § 600.3101, *et seq.*, is difficult to parse. Winters has abandon her argument for equitable mortgage, but requests in her response that, "if allowed to proceed, the foreclosure proceed under the judicial foreclosure statute, MCL [§] 600.3201, **despite** the fact that MCL 600.3205[c](8) was repealed." [R. 10, PgID 373 (emphasis in original)]. The parties seem to agree that M.C.L. § 600.3205c no longer offers any possible remedy to Winters. [*See* R. 10, PgID 373 (Winters' response brief) ("Plaintiff has no remaining remedy under MCL 600.3205 to challenge the wrongful foreclosure.")]. The Court cannot give power to a repealed statute and, thus, the relief requested by Winters here is impossible for the Court to endorse.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendants' motion to dismiss [R. 4] be **GRANTED** and that this case be **DISMISSED WITH PREJUDICE**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 14, 2016

12

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of

HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers

Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

13

**length and complexity to the objections**, but there is otherwise no page

limitation.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 14, 2016.

<u>s/Marlena Williams</u>
MARLENA WILLIAMS
Case Manager